

**Aaron J. Gold**

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7614
agold@kelleydrye.com

April 3, 2025

**By ECF**

Hon. Brian R. Martinotti, U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re:   *L&T Technology Services Limited* v. *Cribb Philbeck Weaver Group, Inc.*, No. 2:25-cv-1588

Dear Judge Martinotti:

On behalf of L&T Technology Services Limited ("LTTS"), plaintiff in the above-referenced action, we write concerning the Court's April 2, 2025 order permitting Cribb Philbeck Weaver Group, Inc. ("CPWG") until May 27, 2025 to respond to LTTS' complaint. (*See* ECF No. 8.) LTTS respectfully requests that the Court adjust CPWG's response date to April 25, 2025, which is the response date stipulated-to by the parties' counsel.

LTTS was forced to file this action on March 3, 2025, following a months-long effort to amicably resolve CPWG's debt to LTTS under a construction contract. CPWG was served on March 5, 2025. (*See* ECF No. 6.) Two weeks later, CPWG sent LTTS an ostensible *pro se* application for a clerk's order extending CPWG's response deadline. (*See* Ex. 1.) Even though such extensions are "not to exceed 14 days," L. Civ. R. 6.1(b), CPWG's *pro se* application sought a *two-month* extension. (Ex. 2.) The basis for CPWG's application was that it was "still in the process of obtaining counsel in New Jersey." (Ex. 1.) LTTS did not consent to the overlength extension request. (Ex. 3.) CPWG later somehow caused the extension request to be filed. (*See* ECF No. 7.) The Clerk's Office, noting that a corporation cannot appear *pro se*, rejected the application but left it on the docket. (*See* Clerk's Quality Control Message, dated March 26, 2025.)

On March 24, 2025, Gregory D. Preston, Esq., of Preston & Wilkins, LLC, contacted our office, explained that he had been retained by CPWG, and requested, a 30-day extension to respond to the complaint. We readily agreed. The next day (March 25), the parties stipulated to an April 25, 2025, response deadline. (*Id.* at 2–4.) Inexplicably, Mr. Preston did not file the stipulation forthwith. Yesterday, the Court, unaware that CPWG had counsel and unaware that

Hon. Brian R. Martinotti, U.S.D.J.
April 3, 2025

CPWG's counsel already negotiated a response deadline, acted on CPWG's lingering *pro se* extension request. (*See* ECF No. 8.) The parties later corresponded regarding the Court's order. We requested that CPWG stand by its agreement to respond by April 25, noting that LTTS is open to discussing an additional, brief extension for CPWG's response if circumstances so warrant. (Ex. 4 at 1–2.) CPWG declined, and now disavows the stipulated response date. (*See id.*)

The claimed rationale for a two-month extension CPWG sought *pro se*—over four times longer than Local Rule 6.1(b) allows—was to find counsel. But that point is moot. CPWG has counsel; Mr. Preston has represented CPWG since at least March 24, 2025. To avoid unreasonable delay, CPWG should file its response by April 25, 2025, as CPWG's counsel agreed, and LTTS requests that the Court enter an order to that effect, consistent with the parties' stipulation.

Respectfully Submitted,

*/s/ Aaron J. Gold*
Aaron J. Gold

cc: Gregory D. Preston, Esq. (via email)

**KELLEY DRYE & WARREN LLP**                                                                 2