# PRESTON & WILKINS LLC
ATTORNEYS AT LAW

JESSE T. WILKINS*  
GREGORY R. PRESTON**  

(*MEMBER NY, NJ & CT BARS)  
(**MEMBER NY & NJ BARS)  

3000 HEMPSTEAD TURNPIKE, SUITE 317  
LEVITTOWN, NEW YORK  11756  

TELEPHONE:  212-809-5808  
TELEFAX:     212-898-9034  

NEW JERSEY OFFICE:  
76 SOUTH ORANGE AVE., STE 210  
SOUTH ORANGE, NJ  07079  
TEL: 973-763-0399  
FAX: 973-763-4077  

SENDER'S EMAIL: Gpreston@pwlawllc.com

April 4, 2025

**VIA ECF**
Hon. Brian R. Martinotti, U.S.D.J.
United States District Court
District of New Jersey, Newark Vicinage
Martin Luther King Jr., Federal Building and Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:  L&T Technology Services Limited v. Cribb Philbeck Weaver Group, Inc.,
Docket No.:  2:25-cv-1588

Dear Judge Martinotti:

We are the attorneys for Defendant Cribb Philbeck Weaver Group, Inc., ("CPWG") in the above referenced matter.  We write to respectfully seek clarification regarding the Court's Order, dated April 2, 2025, which granted CPWG's request for an extension of time to answer, more or otherwise reply to the Complaint to May 27, 2025.

By way of brief background, CPWG filed a *pro se* request on March 19, 2025, for an extension of time to answer the complaint, proposing a deadline of May 26, 2025.  Plaintiff did not oppose that request.  CPWG's answer was otherwise due on March 26, 2025.  The Clerk's office advised CPWG via docket entry that "although an individual is entitled to proceed pro se, a corporation must be represented by counsel."

We were retained by CPWG on March 21, 2025, to represent CPWG in this matter.  Out of an abundance of caution – concerned that CPWG's *pro se* request may be denied by the Court since it was filed without Counsel, we contacted Defense Counsel on March 24, 2025, to obtain their agreement regarding an extension of time to appear and file an answer in this matter.  Counsel agreed by stipulation to an extension of time to answer the complaint to April 25, 2025.

Subsequently, the Court issued its April 2, 2025, Order granting Defendant's request for an extension of time to answer to May 27, 2025.  After reviewing the Order, I contacted Defense Counsel to ascertain whether they agreed with my understanding that notwithstanding the party's agreement, the Court's Order was paramount.  Alternatively, if Plaintiff's Counsel did not agree, I requested that they consent to the longer Court Ordered time period to file the answer, to avoid burdening the Court regarding a minor procedural matter.

Despite the absence of any prior objection, Plaintiff's Counsel did not agree and wrote the Court requesting a modification of the Order, to reflect the April 25, 2025, date.

In their April 3, 2025, letter to the Court, Defense Counsel asserted that CPWG has disavowed the stipulated deadline. That is incorrect. Defendant did not disavow the stipulated date for CWPG to file an answer, Defendant's position is that generally, a Court's Order is paramount, notwithstanding an agreement among the parties.

Notably, Plaintiff's Counsel while advocating that April 25, 2025, be the date the Court's Order is modified to, advised that Plaintiff would be "open to discussing an additional, brief extension of CPWG's response if circumstances so warrant." Since Plaintiff's Counsel would agree to an additional extension beyond April 25, it is not clear why there would be an objection to adhering to the Court's Order date of May 27, 2025, particularly as the additional time involved is relatively short.

For the foregoing reasons, we respectfully request that the Court's April 2, 2025, Order remain in effect and not be modified as Plaintiff has requested.

    Respectfully yours,

    */s/ Gregory R. Preston/*

    Gregory R. Preston, Esq.

cc: Aaron J. Gold, Esq. (Counsel for Plaintiff)

dm